THE STATE OF KANSAS v. WALTER SMITHERS, *et al.*

COUNTY RECORDS; *Not to be Removed to Another County to be used as Evidence.* The district court has no power to require that the books and records of the county treasurer and county clerk of one county shall be removed fifty miles from the place where they are usually kept, into another county, so that they may be used as evidence in a criminal action pending in such other county. Copies may be used where the original cannot be procured.

### *Appeal from Lyon District Court.*

MOTION for an attachment, for an alleged contempt. In a criminal action against one A. F. Nicholas, *Walter Smithers,* as county treasurer, and *S. N. Fancher,* as county clerk of Greenwood county, were duly subpœnaed to attend the Lyon district court, "with all the books and records of their respective offices that in any manner relate to the county treasurer of said county for the years 1868 to 1874,"

to testify as witnesses on the part of *The State* in said case of "The State v. Nicholas." Other facts, and all subsequent proceedings in this cause, in the court below, are stated in the opinion. The papers on appeal to this court were filed March 16th 1875, during the January Term.

*W. C. Huffman*, county-attorney, and *Ruggles & Sterry*, for The State, in support of the motion.

*Gillett & Forde*, for Smithers and Fancher, contra.

The opinion of the court was delivered by

VALENTINE, J.: A criminal action brought and pending in Greenwood county, was removed by change of venue to Lyon county. A *subpœna duces tecum* was then issued and served upon the defendants in this case, Walter Smithers, treasurer of Greenwood county, and S. N. Fancher, county clerk of said Greenwood county, commanding them to appear and produce the books and records of their respective offices at the March Term 1875 of the district court of said Lyon county, for the purpose that said books and papers might be used as evidence in said criminal action. Smithers and Fancher failed to respond to said subpœna. A rule was then issued by the district court of Lyon county, requiring them to appear and show cause why an attachment should not be issued against them as for a contempt of the court. They appeared and showed that they were respectively county treasurer and county clerk of Greenwood county as aforesaid; that they held their offices at Eureka, the county-seat of said Greenwood county; and that Eureka is about fifty miles from Emporia, the county seat of Lyon county, where the district court was held. The court on this showing discharged the rule, and refused to issue any attachment against these defendants, and the state now appeals to this court. The only question that we are asked to decide is, whether the district court had the power to require said officers to remove their books and papers from Eureka, Greenwood county, to Emporia, Lyon county. Perhaps more properly speaking, the

question is, whether the district court committed such an error by refusing to grant said attachment as will call for the judicial interposition of this court to reverse the rulings of the district court. And involved in this question are the questions, whether the district court has any discretion in dispensing with this kind of evidence, and in waiving the issue of attachments in this kind of cases, or whether the court must in all cases, where such evidence appears to be relevant and material, require the production of the same, if asked to do so by a party, and grant an attachment against any officer who may fail to respond readily to the process of the court. But passing over all other questions, had the court the power to require the production of said evidence? We hardly think it had. In the first place, ample provision has been made in this state for the use of copies of all public records and documents where the originals themselves might be used, and hence there is no great or overwhelming necessity for obtaining the originals. But independent of this, we think the statutes show affirmatively that it was not intended that the public records and documents should ever be removed to any great distance from the place where they are required to be usually kept. Section 172 of the act concerning counties and county officers, provides, that all county officers must hold their offices at the county-seat; that they must keep their offices open every day, except Sunday; that "all books and papers required to be in their offices shall be open for the examination of any person; and if any of said officers shall neglect to comply with the provisions of this section he shall forfeit for each day he so neglects, the sum of five dollars." (Gen. Stat., 292, § 172.) And § 12 of an act amending the code of civil procedure provides that "no public officer herein named, [and county treasurers and county clerks are named,] or other custodians of public records, shall be compelled to attend any court, officer, or tribunal, sitting more than one mile from his office with any record or records belonging to his office, or in his custody as such officer." (Laws of 1870, page 174, § 12.)

And upon general principles, it would hardly seem consistent with public policy to allow the public records to be hauled about from place to place, all over the state, at the mere whim or fancy of some capricious individual who might suppose he needed them, to use as evidence in some criminal trial, or even on some preliminary examination, unimportant in itself, but swelled by his imagination to prodigious proportions.

The judgment of the court below is affirmed.

All the Justices concurring.